# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAIRE C. HAGGARTY, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        vs.<br><br>STRYKER ORTHOPAEDICS (aka STRYKER ORTHOPEDICS; aka STRYKER ORTHOPEDICS, INC.); HOWMEDICA OSTEONICS CORPORATION; STRYKER CORPORATION; and STRYKER SALES CORPORATION,<br><br>        Defendants. | CASE NO. 08-CV-1609-JSW<br><br>HON. JEFFREY S. WHITE<br><br><br>**CORRECTED STIPULATED PROTECTIVE ORDER GOVERNING THE HANDLING OF DISCOVERY AND OTHER DOCUMENTS** |

The parties in the above-captioned action, Plaintiff CLAIRE C. HAGGARTY ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, and Defendants, STRYKER ORTHOPEDICS (aka STRYKER ORTHOPEDICS; aka STRYKER ORTHOPEDICS, INC.); HOWMEDICA OSTEONICS CORPORATION; STRYKER CORPORATION; and STRYKER SALES CORPORATION, hereinafter referred to collectively as "Stryker", by and through its attorneys, do hereby stipulate to and agree that an order pursuant to Federal Rule of Civil Procedure 26(c) is necessary and hereby agree to the following protective order:

## 1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in these actions are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order (the "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA  94104
Telephone: (415) 954-4400

CORRECTED STIPULATED PROTECTIVE
ORDER, Case No. C 08-02443 JSW

25094\2104202.2

1   only to the limited information or items that are entitled under the applicable legal principles to

2   treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that

3   this Stipulated Protective Order creates no entitlement to file confidential information under seal;

4   Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards

5   that will be applied when a party seeks permission from the court to file material under seal.

6   **2.      DEFINITIONS**

7       2.1.    Party: Any party to these actions, including all of its officers, directors, employees,

8   consultants, retained experts, and outside counsel (and their support staff).

9       2.2.    Disclosure or Discovery Material: All items or information, regardless of the

10  medium or manner generated, stored, or maintained (including, among other things, testimony,

11  transcripts, or tangible things) that are produced or generated in disclosures or responses to

12  discovery in this matter.

13      2.3.    "Confidential" Information or Items: Information (regardless of how generated,

14  stored or maintained) or tangible things that qualify for protection under standards developed

15  under F.R.Civ.P. 26(c).

16      2.4.    "Highly Confidential – Attorneys' Eyes Only" Information or Items: Extremely

17  sensitive "Confidential Information or Items" whose disclosure to another Party or non-party

18  would create a substantial risk of serious injury.

19      2.5.    Receiving Party: A Party that receives Disclosure or Discovery Material from a

20  Producing Party.

21      2.6.    Producing Party: A Party or non-party that produces Disclosure or Discovery

22  Material in this action.

23      2.7.    Designating Party: A Party or non-party that designates information or items that it

24  produces in disclosures or in responses to discovery as "Confidential" or as "Highly Confidential

25  — Attorneys' Eyes Only."

26      2.8.    Protected Material: Any Disclosure or Discovery Material that is designated as

27  "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

28

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

CORRECTED STIPULATED PROTECTIVE
ORDER, Case No. C 08-02443 JSW                - 2 -                                25094\2104202.2

2.9.   <u>Outside Counsel</u>: Attorneys who are not employees of a Party but who are retained to represent and have appeared for a Party in these actions.

2.10.   <u>House Counsel</u>: Attorneys who are employees of a Party.

2.11.   <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

2.12.   <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in these actions and who is not a past or a current employee of a Party or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee, of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13.   <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.     SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.     DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  The Court shall retain jurisdiction to enforce the terms of the Order subsequent to entry of judgment or in any settlement of this action.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1.   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.1(a), below), or as otherwise stipulated or ordered,

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA  94104
Telephone: (415) 954-4400

CORRECTED STIPULATED PROTECTIVE
ORDER, Case No. C 08-02443 JSW                    - 3 -

25094\2104202.2

1   material that qualifies for protection under this Order must be clearly so designated before the

2   material is disclosed or produced.

3          Designation in conformity with this Order requires:

4          (a)     For information in documentary form (apart from transcripts of depositions or

5   other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL"

6   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the bottom of each page that

7   contains protected material.  If only a portion or portions of the material on a page qualifies for

8   protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

9   appropriate markings in the margins) and must specify, for each portion, the level of protection

10  being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

11  EYES ONLY").

12         A Party or non-party that makes original documents or materials available for inspection

13  need not designate them for protection until after the inspecting Party has indicated which

14  material it would like copied and produced.  During the inspection and before the designation, all

15  of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

16  ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

17  copied and produced, the Producing Party must determine which documents, or portions thereof,

18  qualify for protection under this Order, then, before producing the specified documents, the

19  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

20  CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains

21  Protected Material.  If only a portion or portions of the material on a page qualifies for protection,

22  the Producing Party also must clearly identify the protected portion(s) (e.g., by making

23  appropriate markings in the margins) and must specify, for each portion, the level of protection

24  being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

25  EYES ONLY").  Counsel for any Party may request that a Designating Party provide a

26  "CONFIDENTIAL" version of a particular document with the "HIGHLY CONFIDENTIAL

27  ATTORNEYS' EYES ONLY" portions redacted, after which the Designating Party shall either

28

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA  94104
Telephone: (415) 954-4400

CORRECTED STIPULATED PROTECTIVE          - 4 -
ORDER, Case No. C 08-02443 JSW                                          25094\2104202.2

1    produce such redacted copies, or advise the requesting party's Outside Counsel that it may make

2    such redacted copies.

3           (b)    For testimony given in deposition or in other pretrial or trial proceedings, that the

4    Party or non-party offering or sponsoring the testimony identify on the record, before the close of

5    the deposition, hearing, or other proceeding, all protected testimony, and further specify any

6    portions of the testimony that qualify as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

7    ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to

8    protection, and when it appears that substantial portions of the testimony may qualify for

9    protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the

10   record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify

11   the specific portions of the testimony as to which protection is sought and to specify the level of

12   protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

13   EYES ONLY").  Only those portions of the testimony that are appropriately designated for

14   protection within the 20 days shall be covered by the provisions of this Stipulated Protective

15   Order.

16          Transcript pages and exhibits containing Protected Material must be separately bound by

17   the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

18   "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as instructed by the Party or

19   nonparty offering or sponsoring the witness or presenting the testimony and may not be disclosed

20   to anyone except as permitted under this Stipulated Protective Order.

21          (c)    For information produced in some form other than documentary, and for any other

22   tangible items, that the Producing Party affix in a prominent place on the exterior of the container

23   or containers in which the information or item is stored the legend "CONFIDENTIAL" or

24   "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."  If only portions of the

25   information or item warrant protection, the Producing Party, to the extent practicable, shall

26   identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly

27   Confidential — Attorneys' Eyes Only."

28

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA  94104
Telephone: (415) 954-4400

CORRECTED STIPULATED PROTECTIVE                    - 5 -
ORDER, Case No. C 08-02443 JSW

25094\2104202.2

5.2.    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1.    <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3.    <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) challenging the designation that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements imposed in the preceding

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA  94104
Telephone: (415) 954-4400

CORRECTED STIPULATED PROTECTIVE         - 6 -
ORDER, Case No. C 08-02443 JSW

25094\2104202.2

1  paragraph and that sets forth with specificity the justification for the confidentiality designation

2  that was given by the Designating Party in the meet and confer dialogue.

3       The burden of persuasion in any such challenge proceeding shall be on the Designating

4  Party. Until the court rules on the challenge, all parties shall continue to afford the material in

5  question the level of protection to which it is entitled under the Designating Party's designation.

6  **7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7       7.1.     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or

8  produced by another Party or by a non-party in connection with these cases only for prosecuting,

9  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only

10 to the categories of persons and under the conditions described in this Order. When the litigation

11 has been terminated, a Receiving Party must comply with the provisions of section 11, below

12 (FINAL DISPOSITION).

13      Protected Material must be stored and maintained by a Receiving Party at a location and

14 in a secure manner that ensures that access is limited to the persons authorized under this Order.

15      7.2.     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise

16 ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

17 disclose any information or item designated CONFIDENTIAL only to:

18      (a) Counsel in this action, as well as employees of that Counsel to whom it is reasonably

19 necessary to disclose the information for this litigation;

20      (b) the officers, directors, and employees (including House Counsel) of the Receiving

21 Party to whom disclosure is reasonably necessary for this litigation;

22      (c) Experts (as defined in this Order) and their staffs to whom disclosure is reasonably

23 necessary for this litigation and who have signed the "Agreement to Be Bound by Protective

24 Order" (Exhibit A);

25      (d) the Court and its personnel;

26      (e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably

27 necessary for this litigation;

28

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

CORRECTED STIPULATED PROTECTIVE     - 7 -
ORDER, Case No. C 08-02443 JSW                   25094\2104202.2

1       (f) during their depositions or at hearings, witnesses in the action to whom disclosure is

2  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

3  (Exhibit A).  Witnesses shall not be permitted to retain copies of CONFIDENTIAL materials or

4  exhibits; and

5       (g) the author, recipient, or original source of the document or Protected Material within

6  it.

7       7.3.    Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"

8  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

9  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

10  CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

11       (a) Counsel in this action, as well as employees of that Counsel to whom it is reasonably

12  necessary to disclose the information for this litigation;

13       (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for

14  this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit

15  A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

16       (c) the Court and its personnel;

17       (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably

18  necessary for this litigation and who have signed the "Agreement to Be Bound by Protective

19  Order" (Exhibit A);

20       (e) during their depositions or at hearings, witnesses in the action to whom disclosure is

21  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

22  (Exhibit A).  Witnesses shall not be permitted to retain copies of HIGHLY CONFIDENTIAL —

23  ATTORNEYS' EYES ONLY materials or exhibits; and

24       (f) the author, recipient, or original source of the document or Protected Material within it.

25       7.4    Procedure for Disclosure of "Highly Confidential – Attorneys' Eyes Only"

26  Litigation Material

27       (a) Unless otherwise ordered by the Court or permitted in writing by the Designating

28  Party, a Receiving Party that seeks to disclose to an "Expert" (as defined by this Order) any

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA  94104
Telephone: (415) 954-4400

CORRECTED STIPULATED PROTECTIVE
ORDER, Case No. C 08-02443 JSW

- 8 -

25094\2104202.2

1   Litigation Material that has been designated "Highly Confidential - Attorneys' Eyes Only" first

2   must make a written request to the Designating Party that (1) identifies the specific "Highly

3   Confidential" information that the Receiving Party seeks permission to disclose to the Expert, (2)

4   sets forth the full name of the Expert and the city and state of his or her primary residence, (3)

5   attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5)

6   identifies each person or entity from whom the Expert has received compensation for work in his

7   or her areas of expertise or to whom the expert has provided professional services at any time

8   during the preceding five years, and (6) identifies (by name and number of the case, filing date

9   and location of court) any litigation in connection with which the Expert has provided any

10   professional services during the preceding five years.

11        (b) A Party that provides the notice and information specified in the preceding paragraph

12   may disclose the subject Protected Material to the identified Expert unless, within seven court

13   days of delivery of the notice (the "Notice Period"), the Party receives a written objection from

14   the Designating Party.  Any such objection must set forth in detail the grounds on which it is

15   based.  During the Notice Period, no disclosure of the subject Protected Materials may be made to

16   the Expert.

17        (c) A Party that receives a timely written objection must meet and confer with the

18   Designating Party to try to resolve the matter by agreement.  If no agreement is reached, the Party

19   seeking to make the disclosure to the Expert may file a motion seeking permission from the Court

20   to do so.  Any such motion must set forth in details the reasons why disclosure to the Expert is

21   reasonably necessary.  Any application or motion brought pursuant to this paragraph must be

22   made in strict compliance with L. Civ. R. 37.

23        (d) In any such proceeding, the Party opposing disclosure to the Expert shall bear the

24   burden of proving that the risk of harm that the disclosure would entail outweighs the Receiving

25   Party's asserted need to disclose the Protected Materials to its Expert.

26   **8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

27   **OTHER LITIGATION**

28

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

CORRECTED STIPULATED PROTECTIVE          - 9 -
ORDER, Case No. C 08-02443 JSW

25094\2104202.2

1    If a Receiving Party is served with a subpoena or an order issued in other litigation that

2    would compel disclosure of any information or items designated in these actions as

3    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the

4    Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

5    and in no event more than three court days after receiving the subpoena or order.  Such

6    notification must include a copy of the subpoena or court order.  The Receiving Party also must

7    immediately inform in writing the Party who caused the subpoena or order to issue in the other

8    litigation that some or all the material covered by the subpoena or order is the subject of this

9    Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated

10   Protective Order promptly to the Party in the other action that caused the subpoena or order to

11   issue.

12       The purpose of imposing these duties is to alert the interested parties to the existence of

13   this Order and to afford the Designating Party in this case an opportunity to try to protect its

14   confidentiality interests in the court from which the subpoena or order issued.  The Designating

15   Party shall bear the burdens and the expenses of seeking protection in that court of its confidential

16   material — and nothing in these provisions should be construed as authorizing or encouraging a

17   Receiving Party in this action to disobey a lawful directive from another court.

18   **9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

19       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

20   Material to any person or in any circumstance not authorized under this Stipulated Protective

21   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

22   unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

23   inform the person or persons to whom unauthorized disclosures were made of all the terms of this

24   Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

25   Be Bound" that is attached hereto as Exhibit A.

26   **10.   FILING PROTECTED MATERIAL**

27       Without written permission from the Designating Party or a court order secured after

28   appropriate notice to all interested persons, a Party may not file in the public record in these

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA  94104
Telephone: (415) 954-4400

CORRECTED STIPULATED PROTECTIVE
ORDER, Case No. C 08-02443 JSW        - 10 -                              25094\2104202.2

1   actions any Protected Material. A Party that seeks to file under seal any Protected Material must

2   comply with Civil Local Rule 79-5.  If the Court grants a party's motion to file a document under

3   seal, that party must file a public version of the document with only Protected Material redacted.

4   **11.     FINAL DISPOSITION**

5          Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60)

6   days after the final termination of these actions, each Receiving Party must return all Protected

7   Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all

8   copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of

9   the Protected Material.  With permission in writing from the Designating Party, the Receiving

10  Party may destroy some or all of the Protected Material instead of returning it.  Whether the

11  Protected Material is returned or destroyed, the Receiving Party must submit a written

12  certification to the Producing Party (and, if not the same person or entity, to the Designating

13  Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected

14  Material that was returned or destroyed and that affirms that the Receiving Party has not retained

15  any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of

16  the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

17  copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

18  work product, even if such materials contain Protected Material.  Any such archival copies that

19  contain or constitute Protected Material remain subject to this Protective Order as set forth in

20  Section 4 (DURATION), above.

21  **12.     PRODUCTION OF PRIVILEGED INFORMATION**

22          The inadvertent (i.e., unintentional) production of any privileged material shall not be

23  deemed a waiver or impairment of any claim of privilege with respect to that material, including,

24  but not limited to, the attorney-client privilege and/or work-product doctrine.  If a party

25  inadvertently produces information that it considers to be protected from disclosure by the

26  attorney-client privilege, the work product doctrine, or any other privilege or similar legal

27  protection, in whole or in part, the producing party may retrieve such information as follows:

28

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA  94104
Telephone: (415) 954-4400

CORRECTED STIPULATED PROTECTIVE
ORDER, Case No. C 08-02443 JSW

- 11 -

25094\2104202.2

(a)     Within ten (10) business days of the date of discovery by a party of the inadvertent production, the party asserting that an inadvertent production has occurred must give written notice to all other parties that the party claims the information, in whole or in part, is privileged or protected material; in addition, the notice must state the nature of the privilege or protection and the basis for asserting it; and

(b)     Upon receipt of such notice, any party who has received the produced document or material shall promptly return all copies to the party asserting inadvertent production.  In the event only part of a document is claimed to be privileged or protected, the party asserting inadvertent production shall furnish to the other parties who have received the document a redacted copy of such document, removing only the part(s) thereof claimed to be privileged or protected, together with such written notice.  Any party who has received the produced documents or material may contest the claim of privilege or protection by filing a motion contesting the claim within ten (10) business days of receiving notice under subparagraph (a) above.  During the pendency of such motion, the receiving party need not return all copies of the produced documents or material to the party asserting inadvertent production; however the receiving party may not use or disclose such information for any purpose other than prosecution of the motion challenging the privilege or protection claim.

Nothing in this Agreement is intended to alter any Counsel's ethical obligations including those concerning the treatment of inadvertently produced privileged materials.

**13.    MISCELLANEOUS**

13.1.   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2.   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

CORRECTED STIPULATED PROTECTIVE
ORDER, Case No. C 08-02443 JSW

- 12 -

25094\2104202.2

1  **IT IS SO STIPULATED.**

2  DATED: February 16, 2010              **COTCHETT, PITRE & McCARTHY**

3

4                                                  By:   /s/ Niki B. Okcu
                                                            Niki B. Okcu
5
                                                  Attorneys for Plaintiff Claire C. Haggarty
6

7  DATED: February 16, 2010              **FARELLA BRAUN + MARTEL LLP**

8
                                                  By:   /s/ Monali S. Sheth
9                                                           Monali S. Sheth

10                                                 Attorneys for Defendants Stryker Orthopaedics (aka
                                                  Stryker Orthopedics; aka Stryker Orthopedics, Inc.);
11                                                Howmedica Osteonics Corporation; Stryker
                                                  Corporation; and Stryker Sales Corporation
12

13

14  **PURSUANT TO THE ABOVE STIPULATION, IT IS SO ORDERED.**

15  DATED: ___February 17___, 2010

16                                                 By: _____

17                                                      Hon. Jeffrey S. White
                                                        United States District Court Judge
18

19

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

CORRECTED STIPULATED PROTECTIVE
ORDER, Case No. C 08-02443 JSW                    - 13 -                                   25094\2104202.2

1

2

3

4

5

6

7

8

9

10

11

12                                    EXHIBIT A

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA  94104
Telephone: (415) 954-4400

CORRECTED STIPULATED PROTECTIVE                - 14 -
ORDER, Case No. C 08-02443 JSW

25094\2104202.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Northern District of

California on _____ [insert date] in the case of Haggarty v. Stryker Orthopaedics, et al., No.

08-CV-1609-JSW.  I agree to comply with and be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California

agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA  94104
Telephone: (415) 954-4400

CORRECTED STIPULATED PROTECTIVE         - 15 -
ORDER, Case No. C 08-02443 JSW

25094\2104202.2